### Glenn HOFFMAN and Sherry (Robinson) Hoffman, Appellees,

### v.

### Kathleen Y. TRONCELLITI, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 2, 2001.

Filed April 16, 2002.

Reargument Denied June 19, 2002.

Paul C. Troy, Norristown, for appellant.

Stuart J. Schatz, Norristown, for appellees.

Before McEWEN, P.J.E., JOYCE, and KELLY, JJ.

McEWEN, P.J.E.

¶ 1 This appeal has been taken from the judgments entered in favor of Glenn Hoffman and Sherry Robinson Hoffman following the denial of the post-trial motions filed by appellant, Kathleen Y. Troncelliti. We are constrained to vacate the judgment entered in favor of Sherry (Robinson) Hoffman and remand for a new trial as to her claim.

¶ 2 Sherry Robinson, on December 8, 1995, was a passenger in a van owned by her mother, and operated by her fiancé, Glenn Hoffman, when appellant, Kathleen Y. Troncelliti, turned left into the path of the Robinson vehicle. Glenn Hoffman and Sherry Robinson, who were engaged but not married at the time of the accident, both sustained injuries as a result of the collision.

¶ 3 Sherry, on the date of the accident, was single and resided in her mother's home but owned her own vehicle which was insured under a separate policy of insurance. The insurance policy under which Sherry Robinson was the named insured provided limited tort coverage, while the insurance policy upon her mother's vehicle provided full tort coverage. Prior to trial the parties sought and obtained a ruling from the distinguished Judge Richard S. Lowe that Section 1705(b)(2) of the Motor Vehicle Financial Responsibility Law (MVFRL) provided for application of the full tort coverage of the insurance policy which had been issued upon the van owned by Sherry Robinson's mother, under which Sherry Robinson was an "insured", rather than the limited tort

coverage of the policy applicable to the passenger car owned by Sherry Robinson, under which Sherry Robinson was a "named insured". Thus, at trial, appellees were not required to establish that Sherry (Robinson) Hoffman sustained a "serious injury" in order to recover non-economic damages.

¶ 4 Appellant, Kathleen Y. Troncelliti, contends in this appeal that the trial court misinterpreted the express provisions of 75 Pa.C.S. § 1705(b)(2). The pertinent portion of the statute, Section 1705, defines "insured" and "named insured" as:

"**Insured.**" Any individual residing in the household of the named insured who is:

(1) a spouse or other relative of the named insured; or

(2) a minor in the custody of either the named insured or relative of the named insured.

"**Named insured.**" Any individual identified by name as an insured in a policy of private passenger motor vehicle insurance.

75 Pa.C.S. § 1705(f), and recites above, in Section 1705(b)(2):

(b) **Application of tort options.-**

. . .

(2) The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy. In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in

which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise.

75 Pa.C.S. § 1705(b)(2).

■ ¶ 5 As the issue presented by the parties to this appeal is a question of law, our standard of review is plenary.

The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(1). As this Court has noted, the repeal of the No–Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101, and the simultaneous enactment of the MVFRL, reflected a legislative "concern for the spiralling consumer cost of automobile insurance and the resultant increase in the number of uninsured motorists driving on public highways." *Paylor v. Hartford Ins. Co.*, 536 Pa. 583, 587, 640 A.2d 1234, 1235 (1994). This legislative concern over the increasing costs of automobile insurance is the public policy which is to be advanced when interpreting the statutory provisions of the MVFRL. *Id.*

*Donnelly v. Bauer*, 553 Pa. 596, 606, 720 A.2d 447, 452 (1998).

■ ¶ 6 However, when the words of the statute are clear, this Court may proceed "no further to discern the intent of the legislature." *Kmonk–Sullivan v. State Farm Mutual Automobile Insurance Co.*, 567 Pa. 514, 521, 788 A.2d 955, 959 (2001). Thus, we are required to vacate the judgment entered on the verdict of the jury and remand for a new trial, by reason of the express statutory mandate that:

[t]he tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy **who are not named insureds under another private passenger motor vehicle policy** . . . .

75 Pa.C.S. § 1705(b)(2) (emphasis supplied).

■ ¶ 7 This unambiguous statutory provision, contrary to the dicta[1] in *Berger v. Rinaldi*, 438 Pa.Super. 78, 651 A.2d 553, 557 (1994), *appeal denied*, 544 Pa. 641, 664 A.2d 971 (1995), resolves the instant controversy in direct and certain fashion.

¶ 8 Simply put, since Sherry (Robinson) Hoffman was, on the date of the accident, a NAMED INSURED under the policy of insurance applicable to her own vehicle, the provisions of Section 1705(b)(2) providing that the full tort option elected by her mother would apply to anyone who was NOT a NAMED INSURED under another policy, are clearly inapplicable. *See: Schwartzberg v. Greco*, 793 A.2d 945, (Pa.Super.2002). Sherry (Robinson) Hoffman, having specifically elected the limited tort option, is bound by that decision and may recover non-economic damages only if it is determined that she suffered "serious injury" as defined by 75 Pa.C.S. § 1702 as

1. "We construe Section 1705(b)(2) as describing two, mutually exclusive scenarios. Such an interpretation is necessary to avoid surplusage." Contrary to this suggestion in *Berger, supra*, 651 A.2d at 557, Section 1705(b)(2) is also applicable to any situation in which the claimant is an "insured" but not a "named insured" under two policies, such as when a child or non-driver who is not a named insured on *any* policy of insurance, but is an "insured" under a policy as a resident relative of a named insured, is injured while riding in a vehicle owned by an unrelated individual.

a result of the accident. *See: Price v. Guy,* 558 Pa. 42, 735 A.2d 668 (1999); 75 Pa.C.S. § 1705(d).

¶ 9 While it provides no part of the basis for our decision today, it merits mention that our interpretation of the terms of the statute is consistent with the legislative purpose of reducing premium costs for motor vehicle insurance.

¶ 10 We are, therefore, obliged to vacate only the judgment entered in favor of appellee Sherry (Robinson) Hoffman and remand for a new trial at which she must establish "serious injury" as defined by 75 Pa.C.S. § 1702 or have her recovery limited solely to economic damages sustained as a result of the accident.

¶ 11 Judgment in favor of Glenn Hoffman affirmed. Judgment in favor of Sherry (Robinson) Hoffman vacated. Case remanded. Jurisdiction relinquished.