839 A.2d 1013

Glenn HOFFMAN and Sherry (Robinson) Hoffman, Appellants

v.

Kathleen Y. TRONCELLITI, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 20, 2003.

Decided Dec. 30, 2003.

Jeffry Stephen Pearson, Stuart J. Schatz, Norristown, for Glenn Hoffman and Sherry (Robinson) Hoffman, Appellants.

Leonard A. Sloane, Katherine Huff Meehan, Eckell, Sparks, Levy, Auerback, Monte, Rainer & Sloane, P.C., Media, for PA Trial Layers Ass'n, Appellant Amicus Curiae.

Paul Christopher Troy, Norristown, for Kathleen Y. Troncelliti, Appellee.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN SAYLOR, EAKIN and LAMB, JJ.

## OPINION

JUSTICE NEWMAN.

In this case, we determine the insurance coverage applicable where an accident victim who has elected the limited tort option on her own vehicle is injured while a passenger in a car insured under the full tort option. For the reasons that follow, we reverse the Order of the Superior Court, which held that the victim is bound by her selection of the limited tort option.

### FACTS AND PROCEDURAL HISTORY

On December 8, 1995, Sherry Robinson Hoffman (Sherry) was a passenger in a van that her mother owned and that her fiancé, Glenn Hoffman (Glenn), was driving when Kathleen

Troncelliti (Appellee) turned left into its path. Glenn and Sherry (collectively, Appellants) both sustained injuries.

At the time of the accident, Sherry was single and residing in the home of her mother, Maudie Robinson (Robinson).[1] Robinson insured her van with a policy from the Allstate Insurance Company. Robinson was the "named insured," [2] in this policy, and she had elected the full tort option. Sherry was living in the home of her mother and was an "insured" [3] under her mother's insurance policy. However, Sherry owned her own vehicle and was the "named insured" under a separate policy of insurance for that vehicle for which she selected the limited tort option.

Appellants instituted a personal injury action against Appellee. Prior to trial, the Court of Common Pleas of Montgomery County (trial court) ruled that the full tort option of the insurance policy of Sherry's mother applied, pursuant to section 1705(b)(2) of the MVFRL.

The MVFRL provides for an election of tort options, whereby each insured chooses between a "limited tort" option and a "full tort" option, as follows:

**1705(a) Financial responsibility requirements.—**

(1) Each insurer, not less than 45 days prior to the first renewal of a private passenger motor vehicle liability insurance policy on and after July 1, 1990, shall notify in writing each named insured of the availability of two alternatives of full tort insurance and limited tort insurance described in subsections (c) and (d). The notice shall be a standardized form adopted by the commissioner and shall include the following language:

1. Appellants were married on May 4, 1996.

2. The Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1705(f) (MVFRL), defines a "named insured" as "[a]ny individual identified by name as an insured in a policy of private passenger motor vehicle insurance." 75 Pa.C.S. § 1705(f).

3. The MVFRL defines an "insured" as "[a]ny individual residing in the household of the named insured who is: (1) a spouse or other relative of the named insured; or (2) a minor in the custody of either the named insured or relative of the named insured." 75 Pa.C.S. § 1705(f).

NOTICE TO NAMED INSUREDS

**A.** **"Limited Tort" Option**—The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. **Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy** or unless one of several other exceptions noted in the policy applies....

**B.** **"Full Tort" Option**—The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. **Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers....**

75 Pa.C.S. § 1705(a) (emphasis added).

Section 1705(b)(2) provides that:

The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy. In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise.

75 Pa.C.S. § 1705(b)(2). The import of the ruling of the trial court meant that Sherry was entitled to seek compensation for her non-economic losses because the full tort coverage of the policy of her mother was applicable. Had the court ruled instead that the limited tort selection applied, Appellants would have had to establish that Sherry suffered a "serious injury" in order to recover non-economic damages.

Following a trial, the jury entered a verdict of $30,000.00 in favor of Appellants.[4] Post-trial motions were denied, and Judgment was entered on the verdict. In its Opinion of April 24, 2001, the trial court held that because Sherry lived with her mother and the accident occurred in her mother's vehicle, Sherry was bound by the policy associated with that vehicle, which provided full tort coverage. Sherry was not limited by the tort option of the policy in which she was the named insured.

Appellee appealed to the Superior Court, claiming that the trial court misconstrued section 1705(b)(2). On April 16, 2002, the Superior Court affirmed the Judgment of the trial court as to Glenn, but reversed as to Sherry. The court reasoned that pursuant to the clear language of that section, Sherry's status as a named insured under her own policy bound her to her election of limited tort coverage, which required her to demonstrate a serious injury in order to recover non-economic damages. *Hoffman v. Troncelliti*, 799 A.2d 68 (Pa.Super.2002). The court vacated the Judgment entered in favor of Sherry and remanded the matter for a new trial with the appropriate burden of proof. An Application for Reargument before the court *en banc* was denied on June 19, 2002.

We granted allowance of appeal in order to address the interpretation and application of section 1705(b)(2) where an injured passenger is both an insured under one policy and a named insured under another and those policies have conflicting tort options.

4. The jury awarded $25,000.00 to Sherry and $5,000.00 to Glenn.

## DISCUSSION

The interpretation of section 1705(b)(2) by the trial court conflicted with that of the Superior Court. Further, when the Superior Court arrived at its decision, it rejected its holding in *Berger v. Rinaldi*, 438 Pa.Super. 78, 651 A.2d 553 (1994), *allocatur denied*, 544 Pa. 641, 664 A.2d 971 (1995). Because the appropriate construction of section 1705(b)(2) poses a question of law, our standard of review is plenary. *Sahutsky v. H.H. Knoebel Sons*, 566 Pa. 593, 782 A.2d 996 (2001).

Section 1705(b)(2) contains two sentences, which read:

The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy [**"Sentence One"**].

In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise [**"Sentence Two"**].

75 Pa.C.S. § 1705(b)(2) (bracketed language and emphasis added).

In reversing the Order of the trial court, the Superior Court applied the facts to Sentence One, did not consider Sentence Two, and reasoned as follows: (1) Robinson was a "named insured" on the policy for her van; (2) she elected the full tort option; (3) this tort option "applied to all insureds under [her policy] *who were not named insureds* under another private passenger motor vehicle policy;" (4) *Sherry was a "named insured" under another private passenger motor vehicle policy;* therefore, (5) the full tort option purchased by Robinson did not apply to Sherry, an "insured" under the policy of Robinson, because Sherry was a "named insured" under her own policy. In order to reach this conclusion, the Superior Court committed two errors. First, in looking only at Sen-

tence One, the court ignored the fact that section 1705(b)(2) contains Sentence Two, as well. Second, the court rejected its own recent interpretation in *Berger* of this statutory section, recasting that as *dicta*. *Hoffman*, 799 A.2d at 70.

When the trial court interpreted section 1705(b)(2), it read Sentence One together with Sentence Two, and relied on *Berger* to support its conclusion. In *Berger*, a son was injured in his mother's car and owned his own registered motor vehicle, which he did not insure. Under the MVFRL, he was deemed to have selected the limited tort option.[5] The accident victim lived with his mother as a resident of her household, and his mother had insured the car in which he was injured pursuant to a policy providing the full tort option. In resolving the question of which coverage applied, the Superior Court in *Berger* construed Sentence Two of section 1705(b)(2) to mean that the injured individual was entitled to full tort insurance. The court stated that:

> We construe section 1705(b)(2) as describing two, mutually exclusive scenarios. Such an interpretation is necessary to avoid surplusage.... The latter portion of the section [Sentence Two] clearly applies to situations where there exists two insurance policies, containing conflicting tort options. In contrast, the former provision [Sentence One] ... applies to circumstances in which only one insurance policy is involved.

*Berger*, 651 A.2d at 557 (internal citations omitted). In the instant case, the trial court found that:

> [t]he present case falls squarely within the language of [Sentence Two]. Sherry Hoffman is named insured under a policy providing for the limited option, and an insured under the policy providing for the full tort option. Therefore, she is bound by the tort option of the policy associated with the vehicle in which she was an occupant [her mother's car].

For the reasons that follow, we determine that the trial court correctly applied the holding in *Berger* to the facts

5. "An owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative." 75 Pa.C.S. § 1705(a)(5).

before it. A plain reading of the statute reveals that the two sentences apply to two different situations: (1) where there is only one applicable policy; and (2) where there is more than one policy and the policies have conflicting tort options. Sentence One begins with a broad statement of the applicability of the option elected by the named insured. Sentence Two begins with the phrase "in the case where." This introductory phrase describes a situation different from the one in Sentence One. Sentence Two then sets forth a scenario where there are two or more conflicting policies and instructs how that situation is to be resolved. Sentence Two states that the solution is to apply the tort option covering the vehicle in which the party was injured, so long as that person is an "insured" under that policy. The formula is clear—where there is only one insurance policy, Sentence One applies; where there is more than one policy with conflicting tort options, Sentence Two determines the applicable coverage.

The issue before us is purely one of statutory construction. As we have repeatedly stated, "when statutes have a bearing on the outcome of a case, we begin by analyzing the express words of the statutes. When the statute is clear, we need go no further to discern the intent of the legislature." *Kmonk-Sullivan v. State Farm Mutual Automobile Insurance Co.*, 567 Pa. 514, 788 A.2d 955, 959 (2001) (internal citations omitted).

In reviewing this matter *sub judice*, the principles of statutory construction guide us:

### § 1921. Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

\* \* \*

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921. Pursuant to section 1921(a), we must give effect to all of the relevant provisions, which include both Sentence One and Sentence Two. The Superior Court failed to do this, by going no further than Sentence One, once it determined that Sherry was a "named insured" under another policy. The interpretation of the court fails "to give effect to all [of section 1705(b)(2)'s] provisions," as expressed by the principle of statutory construction at 1 Pa.C.S. § 1921(a).

The trial court correctly recognized that Sentence Two specifically addresses the scenario in the instant matter; *i.e.,* where there is more than one insurance policy and where the policies have conflicting tort options. Sentence One describes a situation where there is only one policy. Sentence Two describes a different set of circumstances, where more than one policy is involved. Under rules of statutory construction:

> [w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. The trial court correctly relied on the interpretation of Sentence Two that the Superior Court made in *Berger,* where that court stated that the legislature is presumed to have intended to avoid mere surplusage; thus, whenever possible, courts must construe a statute so as to give effect to every word contained therein. *Berger,* 651 A.2d at 557.

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). The words of section 1705(b)(2) are clear. Appellee and the Supe-

rior Court support their positions on the basis of their views of the "spirit" of the MVFRL, while paying little heed to its words. While Appellee says that "[t]he statute, and particularly the critical first sentence, could not be more clear," it contends that the legislative history focuses on cost-savings. Brief of Appellee at 4. The argument that finding in favor of Appellants will defeat the legislative intent of cost reduction is a current that runs throughout the Brief of Appellee and the Opinion of the Superior Court.[6] Appellee cites *Windrim v. Nationwide Insurance Company*, 537 Pa. 129, 641 A.2d 1154 (1994), where our Court stated that "[i]n passing the [MVFRL], the Legislature was primarily concerned with the rising consumer cost of automobile insurance, created in part by the substantial number of uninsured motorists who contributed nothing to the pool of insurance funds from which claims were paid." *Id.* at 1156 (citing *Allen v. Erie Ins. Co.*, 369 Pa.Super. 6, 534 A.2d 839, 840–41 (1987)). While this is true, *Windrim* involved the construction of an exclusionary provision in an insurance contract, not an interpretation of section 1705(b)(2). This Court emphasized in that case that "[a] clear and unambiguous contract provision must be given its plain meaning . . . ." *Windrim*, 641 A.2d at 1157 (internal citations omitted).

Appellee has not identified any legislative history with respect to Sentence Two of section 1705(b)(2). While Appellee and the Superior Court both focused their attention on the MVFRL legislative history with respect to cost savings, they have disregarded other equally important aspects of the MVFRL.[7] A goal of the statute was to "encourage[ ] the

6. "The Commonwealth will not contain the rising costs of automobile insurance by awarding the full tort option to plaintiffs who have paid limited tort premiums." Brief of Appellee at 5. "While it provides no part of the basis for our decision today, it merits mention that our interpretation of the terms of the statute is consistent with the legislative purpose of reducing premium costs for motor vehicle insurance." *Hoffman*, 799 A.2d at 71.

7. "The MVFRL also established a new method of deterring people from failing to insure their vehicles. *See* HOUSE JOURNAL, Dec. 13, 1983 at 2148 . . . It eliminates those abuses of the [original no-fault bill]

purchase of insurance by all owners...." *Windrim,* 641 A.2d at 1157. Robinson purchased insurance for her van and elected the full tort option, paying the higher premium that accompanies that choice. Sherry resided with Robinson and was an "insured" under her mother's policy. Sherry complied with the dictates of the MVFRL by insuring her own automobile, which was not involved in the accident, with the limited tort option. Robinson paid more for her more-inclusive coverage.

Given that the words of the statute are clear, the foray of Appellee into the legislative history is not necessary. Section 1921(c) provides that:

When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c). We believe that the Superior Court erred with its apparent focus on potential cost savings as opposed to an interpretation of section 1705(b)(2) in its entirety.

Further, we presume that "the General Assembly does not intend a result that is absurd ... or unreasonable." 1 Pa.C.S. § 1922(1). As the trial court indicated, the Superior Court's interpretation leads to an absurd result; *i.e.,* that a motorist who does not insure his own vehicle is covered by the full tort option when he is injured in a full tort vehicle, whereas a driver who has purchased limited tort option on his own vehicle is precluded from that coverage in the same situation. This is an absurd result, which we do not believe the legislature intended.

Finally, we note that unlike statutes specifically required to be construed strictly, the MVFRL is to be accorded a liberal

system." *Nationwide Mutual Insurance Company v. Hampton,* 935 F.2d 578, 581 (3d Cir.1991).

construction, in favor of the insured. 1 Pa.C.S. § 1928(c).[8] Case law and legislative history reflect this orientation, as well.[9] The determination of the Superior Court penalizes *both* of the insureds in this matter. First, it punishes Robinson, who has paid a higher premium for the full tort insurance to include her daughter and, second, it denies Sherry, who has complied with the financial responsibility requirement of the MVFRL by buying insurance for own vehicle, the benefit of full tort coverage under the policy of her mother.

## CONCLUSION

In this case, the Superior Court erred in vacating the Judgment with respect to Sherry and determining that she is bound by the limited tort option. In so doing, the court violated principles of statutory construction when it ignored the clear language articulated at Sentence Two of section 1705(b)(2). For that reason, we reverse the Order of the Superior Court.

Justice EAKIN files a dissenting opinion.

JUSTICE EAKIN DISSENTING.

Because I believe the majority's interpretation of § 1705(b)(2) is improper, I dissent.

In interpreting the meaning of a statute, this Court must begin with the words of the statute, which, if unambiguous, govern the interpretation of this provision. *See* 1 Pa.C.S. § 1921(b). The statute being construed contains, as the ma-

8. Appellants support this interpretation, noting that "during the debate on the proposed amendments to the MVFRL, it was observed that 'in virtually every circumstance where there is a question about [which] coverage will apply, there is a conscious attempt to rule in favor of the full tort alternative.'" Brief of Appellants at 9 (citing House Legislative Journal, p. 214, February 7, 1990).

9. With respect to which tort option shall apply in any given case, Representative Hayden, who supported the enactment of the 1990 amendments to the MVFRL, stated that "in virtually every circumstance where there is a question about [which] coverage will apply, there is a conscious attempt to rule in favor of the full tort alternative." *Berger*, 651 A.2d at 557 (citing House Legislative Journal, p. 214, February 7, 1990).

jority discusses, two sentences dealing with two different scenarios. However, in interpreting the statute, the majority fails to acknowledge that the second sentence discusses the rights of "insureds," not "named insureds." Since Sherry is a "named insured" under her own policy, the second sentence cannot apply to her.

The General Assembly defined the term "insured" under the general definition section of the MVFRL. It states that the term "insured" includes:

(1) An individual identified by name as an insured in a policy of motor vehicle liability insurance.

(2) If residing in the household of the named insured:

(i) a spouse or other relative of the named insured; or

(ii) a minor in the custody of either the named insured or relative of the named insured.

75 Pa.C.S. § 1702. Generally, a "named insured" is also an "insured;" however, in § 1705, the General Assembly separated the above definition into two different definitions:

"Insured." Any individual residing in the household of the named insured who is:

(1) a spouse or other relative of the named insured; or

(2) a minor in the custody of either the named insured or relative of the named insured.

"Named Insured." Any individual identified by name as an insured in a policy of private passenger motor vehicle insurance.

*Id.,* § 1705(f). Thus, in interpreting § 1705, these terms have very distinct meanings.

Applying the definitions provided in § 1705(f), Sherry was a "named insured" on the insurance policy that covered her own vehicle. When purchasing that policy, Sherry selected the limited tort option, which allows her to pay a lower premium in exchange for a limited recovery in case of an injury. *See id.,* § 1705(d). Sherry is also an "insured" under her mother's full tort insurance policy because she resides in the household

of the "named insured," her mother, and is a relative of that "named insured."

The second sentence of the statute, which the majority holds is applicable in this situation, states:

In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise.

*Id.,* § 1705(b)(2). This language does not apply in Sherry's situation because she is not an "insured" under more than one policy. She is the "named insured" on one policy and an "insured" on a second policy, her mother's. The majority erroneously applies the generic definition of "insured" under § 1702 to this situation.

Sentence one applies to Sherry's situation. It states:

The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy.

*Id.,* § 1705(b)(2). Clearly, the tort option elected by Sherry's mother would apply to Sherry if she were *not* a "named insured" under her own policy. However, Sherry chose limited tort coverage for herself, and she should be bound by that decision.

The majority takes exception with this interpretation because it does not comport with the Superior Court's holding in *Berger v. Rinaldi,* 438 Pa.Super. 78, 651 A.2d 553 (1994). In that case, an uninsured motorist was in an accident while driving his mother's car. The mother had elected full tort coverage; and, because he lived in her home, the son was an insured under his mother's policy. Pursuant to § 1705(a)(5), the son was deemed to have elected limited tort coverage because he was uninsured. 75 Pa.C.S. § 1705(a)(5). However, the Superior Court held he could recover under his moth-

er's full tort policy because "Berger was an 'insured' for all intents and purposes; Berger's mother elected the full tort alternative; and Berger was *not a named insured under any other policy of insurance.*" *Berger*, at 557 (emphasis added).

The Superior Court, in its opinion, stated that sentence one, "contrary to the *dicta* in *Berger* ... resolves the instant controversy in direct and certain fashion." *Hoffman v. Troncelliti*, 799 A.2d 68, 70 (Pa.Super.2002), *appeal granted*, 572 Pa. 742, 815 A.2d 1042 (2003). The language characterized as *dicta*, the same language the majority characterizes as a holding, states: "We construe Section 1705(b)(2) as describing two, mutually exclusive scenarios. Such an interpretation is necessary to avoid surplusage." *See id.*, at n. 1; *see also Berger*, at 557. The court continued by stating, "The latter portion of the section [sentence two] clearly applies to situations where there exists two insurance policies, containing conflicting tort options. In contrast, the former provision [sentence one] ... applies to circumstances in which only one insurance policy is involved." *Berger*, at 557 (internal citations omitted). The majority mischaracterizes this language as a holding; it is clearly *dicta*, as the case called for the application and interpretation of sentence one, not sentence two, because there were not two conflicting insurance policies in question in *Berger*.

As the foregoing shows, the proper interpretation of the plain meaning of 75 Pa.C.S. § 1705(b)(2) results in Sherry being bound by the terms of her limited tort insurance policy. Thus, in order to recover, Sherry must prove that she sustained "serious injuries" in order to recover for non-monetary damages. *See id.*, § 1705(d). I believe the Superior Court properly reversed Sherry's award of damages and remanded for a new hearing in order to determine if her injuries were serious in nature. As such, I respectfully offer my dissent.