874 A.2d 1150

L.S., a Minor, by A.S., her Natural Parent and Guardian

v.

David ESCHBACH, Jr., Inc. and Brenda Lowery.

v.

Wilmer C. Hosler and Donald M. Shellenberger,
Additional Defendants

Appeal of L.S., a Minor by A.S., her
Natural Parent and Guardian.

Supreme Court of Pennsylvania.

Argued Nov. 30, 2004.

Decided May 25, 2005.

48

Tamara Ellen Showalter, Richard Cordell Low, Lancaster, for L. and A. S.

Scott B. Cooper, Harrisburg, for Pennsylvania Trial Lawyers Association.

Wade D. Manley, C. Roy Weidner, Lemoyne, Robert E. Kelly, King of Prussia, for David Eschbach, Jr., Inc. and Brenda Lowery.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, BAER, JJ.

## *OPINION*

Justice NEWMAN.

We granted allowance of appeal in this matter to consider whether Section 1705 of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1705, which restricts the recovery of individuals who have limited tort insurance coverage, applies not only to motor vehicle drivers and passengers, but also to pedestrians. A majority of the Superior Court determined that Section 1705 expressly precludes a pedestrian, who is insured by a limited tort automobile policy, from recovering noneconomic damages absent serious injury. For the reasons discussed herein, we reverse the decision of the Superior Court insofar as it found Section 1705 applicable to pedestrians and remand the matter to the trial court for proceedings consistent with this Opinion.

## *FACTS AND PROCEDURAL HISTORY*

On October 2, 1997, eleven-year-old L.S., a seventh grade student, exited her school bus and proceeded to walk down the sidewalk, passing several other school buses that had assembled along the roadway. After passing the last bus in line, L.S. attempted to cross the street. Donald M. Shellenberger (Shellenberger), whose automobile was stopped behind the final school bus, allowed L.S. to cross the street in front of his vehicle. However, as L.S. ventured into the opposing lane of

traffic, a vehicle driven by Wilmer C. Hosler (Hosler) struck L.S., causing her to sustain multiple contusions, abrasions, and fractures.

At the time of the accident, L.S. resided with her mother, A.S., who owned a registered vehicle that was insured by a State Farm Mutual Automobile Insurance Company limited tort policy in accordance with the MVFRL. Pursuant to Section 1705 of the MVFRL, the limited tort option provides:

> **(d) Limited tort alternative.**—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury,[1] each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss [2] . . . .

75 Pa.C.S. § 1705(d) (footnotes added). A.S. was the "named insured" [3] on the motor vehicle insurance policy. As a minor residing in the household of A.S., L.S. was an "insured" [4] under her mother's policy.

On June 16, 1999, L.S., as a minor by A.S., her natural parent and guardian, commenced a timely negligence action in the Court of Common Pleas of Lancaster County (trial court) against the driver of the school bus, Brenda Lowery (Lowery), and the owner of the bus company, David Eschbach, Jr., Inc. (Eschbach) (collectively, "Appellees"). Specifically, the Complaint alleged that Appellees were negligent for failing to

1. The MVFRL defines a "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

2. As defined by the MVFRL, "noneconomic loss" is "[p]ain and suffering and other nonmonetary detriment." 75 Pa.C.S. § 1702.

3. Section 1705 of the MVFRL defines a "named insured" as "[a]ny individual identified by name as an insured in a policy of private passenger motor vehicle insurance." 75 Pa.C.S. § 1705(f).

4. Pursuant to Section 1705 of the MVFRL, an "insured" is defined as "[a]ny individual residing in the household of the named insured who is: (1) a spouse or other relative of the named insured; or (2) a minor in the custody of either the named insured or relative of the named insured." 75 Pa.C.S. § 1705(f).

follow and comply with applicable school bus unloading procedures. Appellees subsequently joined Shellenberger and Hosler as additional defendants.[5]

The parties convened for a pretrial conference and, shortly thereafter, both L.S. and Appellees filed opposing Motions for Summary Judgment. In their Cross–Motion for Summary Judgment, Appellees asserted that the matter should be dismissed because, absent an allegation that L.S. suffered a "serious injury" warranting the award of noneconomic damages, L.S. was bound by her mother's election of the limited tort option in her automobile insurance policy. In her Motion for Partial Summary Judgment, L.S. admitted that her injuries did not rise to the level of "serious injur[ies]" as defined by the MVFRL. Nonetheless, L.S. contended that the limited tort option was inapplicable to her cause of action because, at the time of the accident, she was a pedestrian and not an operator or occupant of a motor vehicle.

By Opinion and Order dated February 20, 2002, the trial court granted Appellees' Cross–Motion for Summary Judgment. Thereafter, in a separate Order dated February 27, 2002, the court denied the Motion for Partial Summary Judgment filed by L.S. Initially, the trial court determined that, because L.S. resided with her mother, she was bound by her mother's election of the limited tort option. After reviewing the extent of the injuries suffered by L.S., the court concluded that L.S. had failed to meet the "serious injury" threshold as required by the limited tort provision to recover noneconomic damages. Therefore, absent a compensable "serious injury," the trial court dismissed the lawsuit.

L.S. filed a timely appeal of both Orders to the Superior Court, again arguing that she should not be bound by her mother's limited tort election because, as a pedestrian who was struck down in traffic, she was outside of the purview of

5. Shellenberger and Hosler are no longer parties to the present litigation. On August 14, 2001, the litigants stipulated to the discontinuance of all claims against Hosler. Moreover, while the instant matter was pending on direct appeal to the Superior Court, L.S. and Shellenberger reached a settlement agreement and entered into a joint tortfeasor release.

the MVFRL. However, in a published Opinion filed March 28, 2003, a majority of the Superior Court panel rejected this argument and affirmed the Orders of the trial court dismissing the cause of action.[6] *L.S. ex rel. A.S. v. Eschbach,* 822 A.2d 796 (Pa.Super.2003). In determining that the limited tort option of the MVFRL applied to pedestrians, the Majority relied upon the express language of Section 1705(d), which specifies that the limited tort alternative applies to an insured who has sustained a loss "in a motor vehicle accident." 75 Pa.C.S. § 1705(d). According to the Majority, this statutory language makes it clear that an insured, who has elected limited tort coverage and has not suffered a "serious injury," "cannot recover noneconomic damages when involved in a motor vehicle accident, whether as a driver, a passenger in someone else's car, or as a pedestrian." *Eschbach,* 822 A.2d at 800. Therefore, the Majority concluded that, because L.S. was injured "in a motor vehicle accident," she was constrained by her mother's election of the limited tort option.

Judge Johnson filed a Concurring and Dissenting Opinion, in which he respectfully dissented from the conclusion of the Majority that Section 1705 of the MVFRL applies to pedestrians who are struck down in traffic by a motor vehicle. Judge Johnson emphasized that a pedestrian, who is injured due to the negligence of a motor vehicle operator, falls outside the purview of the MVFRL. In reaching his decision, Judge Johnson noted that nothing in the plain language of Section

6. On appeal to the Superior Court, L.S. also argued that: (1) she was an "occupant" of the school bus for purposes of the exception to limited tort coverage on behalf of occupants of vehicles "other than private passenger motor vehicle[s]," 75 Pa.C.S. § 1705(d)(3); and (2) her claims of negligence did not arise out of a "motor vehicle accident" because she filed suit against only the school bus driver and bus company for failing to follow proper unloading procedures. However, the Superior Court panel unanimously rejected these arguments, concluding that: (1) after applying the four-part test to determine the occupancy of a vehicle as established by this Court in *Utica Mutual Ins. Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984), L.S. could not be deemed to be an "occupant" of the school bus; and (2) because L.S.'s injuries were the direct result of being struck by a motor vehicle, the accident was undoubtedly a "motor vehicle accident." *See Eschbach,* 822 A.2d at 804–07; *id.* at 807 (Johnson, J., concurring and dissenting).

1705 suggests that the General Assembly intended a pedestrian to be bound by his or her limited tort election in a motor vehicle insurance policy. Instead, he explained that Section 1705 directly speaks of only drivers and passengers of motor vehicles. Moreover, Judge Johnson noted that the overriding intent of the MVFRL was to reduce the cost of automobile insurance coverage and to deter individuals from failing to insure their vehicles. However, he explained that applying the limited tort alternative to innocent pedestrians "could deter individuals from electing the limited tort [option] and thereby undermine the MVFRL's effort to reduce the costs of motor vehicle insurance, since limited tort insurance enables insurance companies to limit their potential costs and thereby reduce consumer's insurance premiums." *Id.* at 808 (Johnson, J., concurring and dissenting). Finally, Judge Johnson cited to the *en banc* decision of the Court of Common Pleas of Dauphin County in *Andreyo v. Radle*, 59 D. & C.4th 8 (Pa. Dauphin Ct.2002), which, under similar factual circumstances, concluded that the legislature did not intend the MVFRL to apply to pedestrians, "or for that matter, [to an insured] sitting in his living room should an errant automobile come crashing through his door." [7] *Id.* (quoting *Andreyo*, 59 D. & C.4th at 16). In closing, Judge Johnson stated that he simply could not "join in a statutory interpretation [of the Majority] that would interfuse the rights of the innocent pedestrian into the matrix designed to reduce the rising cost of purchasing motor vehicle insurance." *Id.* at 809 (Johnson, J., concurring and dissenting).

L.S. petitioned this Court for review and, on March 3, 2004, we granted allowance of appeal limited solely to the issue of whether the Superior Court erred in concluding that Section 1705 of the MVFRL, which restricts the recovery of individuals who have limited tort insurance coverage, applies not only

7. The Majority of the Superior Court rejected *Andreyo* as persuasive authority, noting that "[a]s *Andreyo* is currently on appeal, we do not feel it would be proper to comment directly upon that case, the specific facts of which are not before this panel." *Eschbach*, 822 A.2d at 800 n. 2. However, on March 20, 2003, approximately one week prior to its decision in this matter, the Superior Court dismissed the *Andreyo* appeal *sua sponte* without decision.

to motor vehicle drivers and passengers, but also to pedestrians. As noted by the Superior Court, the issue of whether Section 1705 is applicable to pedestrians is one of first impression in the Commonwealth.

## DISCUSSION

 Initially, we note that, because the appropriate construction of Section 1705 poses a question of law, our standard of review is plenary. *Hoffman v. Troncelliti*, 576 Pa. 504, 839 A.2d 1013, 1015–16 (2003). In addition, "[o]ur scope of review of an order granting summary judgment is plenary, and we will reverse the order of a trial court only where the court committed an error of law or clearly abused its discretion." *Minn. Fire & Cas. Co. v. Greenfield*, 579 Pa. 333, 855 A.2d 854, 860 (2004) (citing *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 571 Pa. 580, 812 A.2d 1218 (2002)).

 In reviewing Section 1705, we are guided by the rules of statutory construction, which provide:

### § 1921. Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921. "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S. § 1903(a). Moreover, "unlike statutes specifically required to be construed strictly, the MVFRL is to be accorded a liberal construction, in favor of the insured." *Hoffman*, 839 A.2d at 1019 (citing 1 Pa.C.S. § 1921(c)).

Section 1705(d) expressly provides that "[e]ach person who elects the limited tort alternative," and sustains a personal injury "in a motor vehicle accident," is eligible to recover economic damages, but may not recover noneconomic damages unless the injury qualifies as a "serious injury." 75 Pa.C.S. § 1705(d). Section 1705(d) continues by setting forth several specific exceptions that would permit an individual, otherwise restricted by the limited tort election, to recover damages as if the individual had elected the full tort alternative. 75 Pa.C.S. § 1705(d)(1–3). However, nothing in the language of Section 1705 explicitly addresses a pedestrian's right of recovery.

L.S. argues that, because Section 1705 does not specifically address pedestrians, the silence of the legislature on this issue should be interpreted as a bar on the application of the limited tort alternative. In contrast, Appellees assert that, because pedestrians are not specifically exempted under Section 1705, the legislature intended the term "each person" in Section 1705(d) to apply whether the insured is a driver, passenger, passenger in another's vehicle, or a pedestrian. *See Walker v. Eleby*, 577 Pa. 104, 842 A.2d 389, 400 (2004) ("when the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent"). In applying Section 1705 to pedestrians, a majority of the Superior Court agreed with Appellees that the term "each person" in Section 1705(d) is sufficiently broad to encompass pedestrians. We disagree. Similar to Judge Johnson, who dissented from the Majority, we believe that Section 1705, as currently written, is not applicable to pedestrians.

Pedestrians are noticeably absent from the statutory language of Section 1705. If a consumer's election of the limited tort alternative was meant to bind pedestrians, then the consumer must be properly notified so that he or she could make an informed decision. As presently worded, however, Section 1705 fails to inform insurance consumers that their election of the limited tort alternative could potentially limit their right of recovery if they are injured as a pedestrian. Nothing in the language of Section 1705 suggests that the legislature contemplated the inclusion of pedestrians within the statutory framework. Therefore, based upon the sound statutory construction principle *expressio unius est exclusio alterius* (the express mention of one meaning in a statute implies the exclusion of other meanings), we must refrain from judicially expanding Section 1705 to imply that the General Assembly intended to incorporate pedestrians within the purview of the MVFRL. *See Henrich v. Harleysville Ins. Co.,* 533 Pa. 181, 620 A.2d 1122, 1123 (1993) (finding no fault with appellate court's use of principle *expressio unius est exclusio alterius* in analyzing Section 1714 of the MVFRL, 75 Pa.C.S. § 1714).

As previously noted, the object of all statutory interpretation is to ascertain and effectuate the intent of the legislature. 1 Pa.C.S. § 1921(a). It is well established that the prevailing intent of the General Assembly in enacting the MVFRL was to reduce the escalating cost of automobile insurance premiums, while requiring financial responsibility. *Rump v. Aetna Casualty and Surety Company,* 551 Pa. 339, 710 A.2d 1093, 1096 (1998). Nevertheless, applying Section 1705 to innocent pedestrians would defeat the mischief that Section 1705 was designed to remedy, namely to deter individuals from failing to insure their vehicles. Clearly, the act of punishing innocent pedestrians, who are completely unassociated with a motor vehicle, would do little to deter an individual from failing to procure motor vehicle insurance.

Because Section 1705 is silent with regard to pedestrians, it would be inappropriate for this Court to link the recovery rights of an innocent pedestrian with a system designed to

reduce the increasing cost of motor vehicle insurance. This Court has recognized that "[i]n construing a statute, the court must ascertain and give effect to the legislative intention as expressed in the language of the statute, and cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted[.]" *Kusza v. Maximonis,* 363 Pa. 479, 70 A.2d 329, 331 (1950) (internal citation omitted). As such, if the General Assembly intended to limit a pedestrian's right of recovery based on a provision in his or her automobile insurance policy, it should have expressly stated such a motive in the language of Section 1705. Otherwise, absent express statutory authority, this Court would be judicially legislating and impermissibly expanding the scope of Section 1705 to include not only accidents involving operators and occupants of motor vehicles, but also accidents involving pedestrians. Accordingly, we decline such an invitation.

█ In turning to the instant matter, L.S. was an innocent, minor pedestrian who was struck down in traffic and injured through the negligence of a motor vehicle operator. It is undisputed that A.S. voluntarily elected the limited tort alternative and that L.S., as a minor residing in the household of her mother, was an "insured" pursuant to the automobile insurance policy of A.S. *See* 75 Pa.C.S. § 1705(f). However, the injuries that L.S. suffered did not result from her own personal use of a motor vehicle, as either an operator or an occupant. As explained above, the legislature has failed to specify, or for that matter, even contemplate, the inclusion of pedestrians within the parameters of Section 1705. Therefore, as an innocent pedestrian, L.S.'s right of recovery should not be restricted by her mother's election of the limited tort alternative.

As we noted in *Hoffman v. Troncelliti,* where the tort alternative is in dispute, the General Assembly has shown a legislative preference for the full tort option over the limited tort option. 839 A.2d at 1019 n. 9. In *Hoffman,* this Court stated that:

With respect to which tort option shall apply in any given case, Representative Hayden, who supported the enactment of the 1990 amendments to the MVFRL, stated that "in virtually every circumstance where there is a question about [which] coverage will apply, there is a conscious attempt to rule in favor of the full tort alternative."

*Id.* (quoting *Berger v. Rinaldi,* 438 Pa.Super. 78, 651 A.2d 553, 557 (1994), *petition for allowance of appeal denied,* 544 Pa. 641, 664 A.2d 971 (Pa.1995) (citing HOUSE LEGISLATIVE JOURNAL, p. 214, February 7, 1990)). This language suggests that, in enacting the MVFRL, the legislature intended the full tort alternative to act as the default option. Consequently, L.S. should be permitted to seek recovery pursuant to the full tort alternative.

Ultimately, we believe that neither the plain language of the statute nor the express legislative intent support a statutory interpretation of Section 1705 that restricts the right of recovery of a pedestrian based upon his or her limited tort election. Currently, the plain language of Section 1705 discusses only drivers and passengers of motor vehicles. It is completely silent as to pedestrians. As such, this Court must refrain from expanding the purview of Section 1705 to limit a pedestrian's right of recovery. Moreover, any alleged application of Section 1705 to pedestrians would serve to impede the legislative objectives underlying the enactment of the MVFRL. In particular, restricting an innocent pedestrian's right of recovery based upon a provision in his or her automobile insurance policy would do little to promote financial responsibility. Accordingly, as presently written, the restrictions on recovery as set forth in Section 1705 of the MVFRL are not applicable to pedestrians who have been injured in motor vehicle accidents.

## CONCLUSION

Based upon the foregoing analysis, we conclude that the Superior Court erred in determining that Section 1705 of the MVFRL, which restricts the recovery of individuals who have limited tort insurance coverage, applies not only to motor

vehicle drivers and passengers, but also to pedestrians. Accordingly, we reverse that portion of the Superior Court's decision that deemed Section 1705 applicable to pedestrians and remand the matter to the trial court for proceedings consistent with this Opinion.