## PROGRESSIVE HALCYON INSURANCE COMPANY, Appellant

### v.

## Anthony KENNEDY, Appellee.

Superior Court of Pennsylvania.

Submitted March 20, 2006.

Filed Sept. 21, 2006.

Kimberly A. Boyer–Cohen, Philadelphia, for appellant.

**1.** The uninsured motorist claim is based on 75 Pa.C.S.A. § 1702, which defines an uninsured

Michael A. Mullen, Philadelphia, for appellee.

Philip A. Downey, Unionville, for Pennsylvania Trial Lawyers, Amicus Curiae.

BEFORE: JOYCE, PANELLA and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Progressive Halcyon Insurance Company, appeals from the order entered in the Court of Common Pleas of Philadelphia County denying in part and granting in part its motion for summary judgment in a matter presenting the question of whether an insured party injured in a car covered by the full tort option can be denied full tort benefits because he also owns an uninsured vehicle. We affirm.

¶ 2 Appellee, Anthony Kennedy, was a named insured of an automobile insurance policy issued by Appellant. In that policy, which covered Appellee's 1997 Ford and 1989 Toyota, he had selected the full tort option as provided in § 1705(a) of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. §§ 1701–1799. Appellee also owned a 1986 Nissan that was not insured under any policy. On or about January 28, 2004, Appellee was involved in a motor vehicle accident while operating the Ford. He claims the accident was caused by an unknown vehicle swerving into his lane. He suffered injuries and presented Appellant with a claim for first-party benefits and an uninsured motorist claim.[1] On November 3, 2004, Appellant filed a declaratory judgment action to determine whether Appellee was entitled to recover first-party benefits, and whether he was subject to limited tort provisions on the uninsured motorist claim. On August 1, 2005, Appellant moved for

motor vehicle as, *inter alia,* "[a]n unidentified motor vehicle that causes an accident."

summary judgment on both counts. On September 30, the trial court granted summary judgment on the issue of first-party benefits and denied summary judgment on the issue of the uninsured motorist claim. This timely appeal followed.

¶ 3 Appellant raises the following issue for our review:

BECAUSE THE LANGUAGE OF 75 PA.C.S.[A.] § 1705(a)(5) IS IDENTICAL TO THE LANGUAGE IN 75 PA. C.S.[A.] § 1714 AND BECAUSE THE PENNSYLVANIA SUPREME COURT HAS HELD THAT THE LANGUAGE OF 75 PA.C.S.[A.] § 1714 REQURIES AN INSURED TO PROVIDE FINANCIAL RESPONSIBILITY FOR EACH AND EVERY MOTOR VEHICLE REGISTERED IN THAT PERSON'S NAME, WHETHER THE [TRIAL] COURT ERRED IN DECLARING THAT [APPELLEE] IS ELIGIBLE FOR FULL TORT COVERAGE FOR ANY UNINSURED MOTORIST CLAIM?

(Appellant's Brief at 4).

¶ 4 Appellant alleges that because Appellee owned an uninsured vehicle, even though that vehicle was not involved in the accident, he is deemed to have chosen limited tort coverage under § 1705(a)(5).[2] Appellant relies on *Swords v. Harleysville Ins. Companies*, 584 Pa. 382, 883 A.2d 562 (2005), for the proposition that the requirement of financial responsibility applies to all registered vehicles, not just the vehicle involved in the accident. Applying that

holding, Appellant reasons that Appellee is deemed to have selected limited tort coverage for all vehicles registered in his name and asserts that the trial court erred in denying summary judgment as to the uninsured motorist claim.[3] We disagree.

¶ 5 Summary judgment is appropriate where there remains no genuine issue of any material fact. *Id.* at 566. In considering motions for summary judgment, we view the evidence in the light most favorable to the nonmoving party. *Id.* We may reverse summary judgment only when there has been a manifest abuse of discretion or an error of law, such as a mistaken interpretation of the MVFRL. *See id.* at 567.

¶ 6 In *Berger v. Rinaldi*, 438 Pa.Super. 78, 651 A.2d 553 (1994), *appeal denied*, 544 Pa. 641, 664 A.2d 971 (1995), this Court held that § 1705(a)(5) was not intended to preclude a full tort claim where the plaintiff owned an uninsured vehicle that was not involved in the accident from which the claim arose. *Id.* at 556. Later, in *Swords, supra*, our Supreme Court held that the language of § 1714 unambiguously prevented a motorist, who owned an uninsured vehicle, from collecting first-party benefits, whether or not the uninsured vehicle was being operated.[4] *Id.* at 568; *see also* 1 Pa.C.S.A. § 1921(b) (stating that unambiguous statutes should be given their plain meaning). This raises the issue of whether the analysis of § 1714 in *Swords* changes previous interpretations of § 1705(b)(2) that have allowed an in-

---

**2.** That section states, "An owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative." 75 Pa.C.S.A. § 1705(a)(5).

**3.** Appellee does not challenge the trial court order granting Appellant's motion for summary judgment on the issue of first-party benefits.

**4.** An "ineligible claimant" who cannot recover first party benefits is described in § 1714, in relevant part, as "[a]n owner of a currently registered motor vehicle who does not have financial responsibility." 75 Pa.C.S.A. § 1714.

jured party to recover full tort benefits in certain situations even where they own an uninsured vehicle. We find that it does not do so in this case.

¶ 7 In *Berger, supra,* the plaintiff was injured in an auto accident while driving a vehicle owned and insured with full tort coverage by his mother. *Id.* at 553. Because the plaintiff lived with his mother, he was considered insured under her policy even though he owned another vehicle and did not himself purchase any insurance.[5] *Id.* at 554. The *Berger* Court found that § 1705(b)(2) contained two mutually exclusive scenarios:

> [**Part One:**] The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy. [**Part Two:**] In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise.

*Id.* at 557 (quoting 75 Pa.C.S.A. § 1705(b)(2)) (emphasis removed). This Court held that part one applied when one policy was involved, and part two when the injured party could be covered by more than one policy. *Id.* In holding that § 1705(a)(5) did not apply when the uninsured car was not in the accident, this Court held that when part two applied, the policy on the vehicle involved in the accident determined the applicable coverage. *Id.* In other words, even if the plaintiff

Berger was deemed to have chosen the limited tort alternative for his uninsured vehicle under § 1705(a)(5), since he was insured under his mother's policy while driving her car he was considered a full tort plaintiff for an accident involving that car. *See id.*

¶ 8 We find it significant that our Supreme Court recently affirmed this rule in *Hoffman v. Troncelliti,* 576 Pa. 504, 839 A.2d 1013 (2003). The Court held that the plaintiff was eligible for full tort relief when she was injured as a passenger in her mother's car because, although she had selected the limited tort option for her own vehicle, she was considered insured under her mother's full tort policy. *Id.* at 1016. The Supreme Court's analysis mirrored that of our Court in *Berger, supra,* which found that § 1705(b)(2) had two mutually exclusive parts and that when applying part two, the court should look to the tort option of the vehicle in which the party was injured. *Hoffman, supra,* at 1016.

¶ 9 In *Swords,* our Supreme Court addressed the specific language of § 1714. There, a son was injured in an accident while driving a car owned and insured by his father. *Id.* at 564. Though considered insured under his father's policy, the son separately owned a vehicle for which he had not purchased insurance. *Id.* The Court held that, under the plain meaning of § 1714, the son must have his own financial responsibility to receive first party benefits. *Id.* at 568. Rather than overturning the previous rule established by *Henrich v. Harleysville Ins. Companies,* 533 Pa. 181, 620 A.2d 1122, 1124 (1993), in which the plaintiff was allowed to recover under the uninsured motorist provision

---

**5.** Under the MVFRL, a driver who resides in the same household as a named insured and is a spouse, relative or minor in custody of the named insured is deemed "insured." 75 Pa. C.S.A. § 1702.

when she was not operating her own uninsured vehicle, the Court held that the MVFRL uniquely prevented a plaintiff who owned an uninsured vehicle from recovering first party benefits but did not prevent the same plaintiff from "recovering damages for injuries sustained as a result of automobile accidents." *Swords, supra* at 569. The Court reasoned that in enacting § 1714, the Legislature clearly intended to prevent owners without insurance from collecting first party benefits, regardless of whether they were injured in the uninsured vehicle, but nowhere did it enact similar language limiting uninsured motorist claims.[6] *Id.*

¶ 10 Instantly, unlike the plaintiffs in *Swords, Hoffman,* and *Berger,* Appellee seeks to enforce a policy that he himself had purchased from Appellant and in which he was a named insured; he does not rely on coverage under a policy purchased by someone else. *Compare Swords, supra* at 564; *Hoffman, supra* at 1016; *Berger, supra* at 554. Since the instant case involves only one policy, we look to part one of § 1705(b)(2) and apply the full tort option chosen by Appellee. *See Hoffman, supra* at 1016; *Berger, supra* at 556. We find it especially noteworthy that, in *Hoffman,* even where the insured had selected and paid only for limited tort coverage on her own policy, our Supreme Court still applied the full tort coverage of the vehicle in which she was injured. *See id.* Here, Appellee's claim is even stronger because he himself had selected and paid for full tort coverage. Appellant attempts to distinguish the instant case from *Berger* by arguing that Appellee was a named insured under his own policy but not financially respon-

sible because his third vehicle was uninsured, while the plaintiff Berger relied on a policy of which the owner was financially responsible. (Appellant's Brief at 10). However, we find this distinction untenable since it is hardly true that Berger, who had not purchased any insurance, was himself financially responsible. *See Berger, supra* at 554. Finding Berger "financially responsible as a resident/relative insured under his mother's policy," this Court reasoned that a plaintiff need not be financially responsible personally, but rather need only be financially responsible with respect to the car involved in the accident. *Id.* at 557. If anything, the distinction drawn by Appellant illustrates that Appellee, who had purchased insurance on two of his three vehicles, has an even stronger claim for full tort coverage than did Berger.

¶ 11 Appellant argues that since § 1705(a)(5) provides that an owner who does not have financial responsibility has been deemed to have chosen the limited tort option, and § 1782(a) of the MVFRL provides that proof of financial responsibility includes coverage for every registered vehicle, the limited tort provision should govern all of Appellee's claims. (Appellant's Brief at 8–9). We find that these statutory gymnastics ignore the plain meaning of § 1705(b)(2) and the holding of *Hoffman.* Because Appellee was a named insured under his own policy, and that policy is the only one in question, part one of § 1705(b)(2) requires that his choice of coverage be honored. *See id.* Since § 1705(a)(5) uses singular, nonexclusive language in applying to "**an** owner of **a** . . . vehicle" (emphasis added), it does not on

---

6. Appellants argue that allowing Appellee to recover non-economic damages but not first party benefits leads to an absurd result. (Appellant's Brief at 12 n. 3). However, the Supreme Court provides a valid reason for

such a distinction in *Swords, supra,* reasoning that, to avoid an overly harsh outcome for an injured party, the Legislature intentionally left available the ability to sue for damages. *Id.* at 569.

its face apply to every vehicle owned, and so Appellant's interpretation requires us to read the words "of all owned vehicles" into the statute after "financial responsibility." *See* 1 Pa.C.S.A. § 1921(b) (limiting courts to plain meaning of statute if clear). This we decline to do. Even if we were to grant Appellant's claim and apply a limited tort option to Appellee's uninsured vehicle, we would merely be presented with conflicting policies as in *Hoffman*. Consistent with the Supreme Court's rule, we would find that under part two of § 1705(b)(2) we would apply the policy of the vehicle involved in the accident, making Appellee a full tort plaintiff. *See id.*

■ ¶ 12 Appellant's interpretation would also lead to an absurd result. *See* 1 Pa.C.S.A. § 1922 (stating courts should avoid statutory constructions that lead to absurd result). The purpose of the MVFRL was to address rising insurance costs by encouraging motorists to purchase insurance and to deny unlimited protection to those who did not choose full tort coverage. *Swords, supra* at 567. Application of this reasoning to a motorist who has actually bought and paid for full tort coverage on the vehicle involved in the accident fails signally to fulfill the purpose of the statute. *See Hoffman, supra* at 1018 (holding that purchased full tort protection was consistent with statutory purpose); *Swords, supra* at 569 (quoting *Henrich, supra*) ("[W]e will not attribute 'harsh motives to the legislature unless they were clearly spelled out.' ").

■ ¶ 13 We are also persuaded that any conflict about the interpretation § 1705 should be resolved in favor of Appellee, as the MVFRL should be construed liberally in favor of the insured. *See Hoffman, supra* at 1019 (citing 1 Pa.C.S.A. § 1928(c)). Moreover, "in virtually every circumstance where there is a question about [which] coverage will apply, there is

a conscious attempt to rule in favor of the full tort alternative." *Berger, supra* at 557 (quoting *House Legislative Journal*, 2/7/90, at 214). Therefore, we must allow Appellee's full tort claim and find no ambiguity in § 1705 as applied instantly. Accordingly, we hold that the trial court correctly decided that Appellee is entitled to full tort protection.

■ ¶ 14 Finally, Appellee contends that Appellant's actions have unreasonably delayed the claim and asks for sanctions in the amount of reasonable attorneys' fees. (Appellee's Brief at 13). We may impose such a sanction if we determine that the appeal is frivolous or taken solely for delay, or if Appellant's conduct is dilatory, obdurate or vexatious. Pa.R.A.P. 2744. Because we find Appellant's conduct does not meet these criteria, Appellee's request for sanctions is denied.

¶ 15 Order affirmed.