Michael R. and Crystal A. BENNETT, Appellants

v.

Joseph MUCCI, Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 30, 2006.

Filed June 6, 2006.

David D. Engle, State College, for appellants.

Jeffrey T. McGuire, Harrisburg, for appellee.

BEFORE: DEL SOLE, P.J.E., LALLY–GREEN, and KELLY, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellants, Michael R. Bennett and Crystal A. Bennett, appeal from the trial court's June 6, 2005 judgment. We affirm.

¶ 2 The trial court recited the procedural history and found the following facts:

Presently before the Court is Plaintiffs Michael R. Bennett and Crystal R. Bennett's Motion for Post Trial Relief, wherein Plaintiffs request the Court award Plaintiffs economic and non-economic damages notwithstanding the jury's verdict, or in the alternative, order a new trial on damages only. The Court determines Plaintiff Michael R. Bennett was bound by the limited tort option elected by Plaintiffs and it was not error for the Court to give the jury a limited tort damage instruction and limited tort verdict form.

.     .     .     .     .

On October 15, 2001, Plaintiffs filed a Complaint against Defendant Joseph Mucci alleging Plaintiff Michael Bennett suffered serious injuries and damages as a result of a motor vehicle collision occurring on August 13, 1999, in Centre County, Pennsylvania. Plaintiffs alleged the accident occurred as a result of Defendant's negligence. Plaintiff Michael Bennett sought economic and non-economic damages for his physical injuries. Plaintiff Crystal Bennett sought damages for loss of consortium.

A jury trial was held on September 3 and 4, 2003. At the conclusion of the evidentiary portion of the trial, both Plaintiffs and Defendants submitted points for charge for the Court's consideration. Plaintiffs requested the Court instruct the jury on economic as well as non-economic damages. Defendants, arguing Plaintiffs were bound by the limited tort option they selected, requested the Court provide a "limited tort instruction." The Court determined Plaintiffs were bound by the limited tort option they elected to apply to the motor vehicle in which Plaintiff Michael Bennett was an occupant of at the time of the accident and instructed the jury as requested by Defendant. Specifically, the Court instructed the jury that if it found the injuries sustained by Plaintiff Michael Bennett did not result in a substantial impairment of bodily function, it could return a verdict only for economic damages it found Plaintiff Michael Bennett sustained as a result of the motor vehicle accident.

The jury returned a verdict finding Plaintiff Michael Bennett's injuries did not result in substantial impairment of bodily function (Question 3) and awarding Plaintiff Michael Bennett Four Hundred Fifty Dollars ($450.00) in economic damages (Question 5). Plaintiffs filed the instant Motion for Post Trial Relief on September 15, 2003, wherein Plaintiffs maintain the Court committed an error of law in ruling Plaintiffs were bound by the limited tort option selected by them on their auto insurance policy. Plaintiffs request the Court now award

Plaintiffs economic and non-economic damages or, in the alternative, order a new trial on the issue of damages only.

.    .    .    .    .

Plaintiff Michael Bennett was operating a van owned by Plaintiffs and used solely by Plaintiffs for their business, Endura Floors, when the motor vehicle collision between Plaintiff Michael Bennett and Defendant occurred. Although Plaintiffs used the van only for business purposes, Plaintiffs intentionally insured the van as a private passenger motor vehicle and elected limited tort coverage. Plaintiffs received the benefit of lower insurance premiums for insuring the van with limited tort coverage. As contemplated by the MVFRL, Plaintiffs paid for limited tort coverage for the van and in return agreed to be bound by the rules which limit their recovery to economic damages only, unless "serious injury" was sustained.

Trial Court Opinion, 2/26/04, at 1–4, 7–8.

¶ 3 Appellants raise the following issues for our review:

I. Did the trial court err by determining that Appellant Michael Bennett was bound by his limited tort election because the evidence established that Mr. Bennett was not operating a "Private Passenger Motor Vehicle" under 75 Pa.C.S. §§ 1702 and 1705(d)(3) as his Ford Econoline E–150 van was principally used for commercial purposes other than farming and the court should have found the Section 1705(D)[sic](3) exception to limited tort applicable upon a literal reading of the clear language of Sections 1702 and 1705(D)[sic](3)?

II. Did the trial court err by subsequently giving the jury limited tort jury instructions and verdict slip interrogatories rather than full tort jury instructions and verdict slip interrogatories, which incorrect instructions and verdict slip interrogatories "probably misled" the jury given the overwhelming evidence presented to the jury about the significant non-economic damages suffered by both Appellants?

Appellants' Brief at 2.[1]

¶ 4 Appellants first argue that the trial court erred in determining that they were bound by their election of limited tort coverage. Appellants argue that they are entitled to a new trial.

We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*Stalsitz v. Allentown Hospital,* 814 A.2d 766, 771 (Pa.Super.2002).

¶ 5 Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. C.S.A. §§ 1701–1799.7, permits insureds to elect full tort or limited tort insurance coverage for private passenger motor vehicles. *See* 75 Pa.C.S.A. § 1705. With full

---

1. Appellants included these issues in a timely concise statement of matters complained of on appeal. Pa.R.A.P.1925(b).

tort coverage, the insured maintains "an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers." 75 Pa.C.S.A. § 1705(a)(1). An election of limited tort insurance coverage, on the other hand, means that "you and other household members ... may seek recovery for all medical and other out of pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of 'serious injury' as set forth in the policy or unless one of several other exceptions noted in the policy applies." *Id.* Persons who elect limited tort coverage pay lower premiums.

¶ 6 The § 1705(d) language is as follows:

> (d) Limited tort alternative.—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that:
>
> .    .    .    .    .
>
> (3) an individual otherwise bound by the limited tort elections shall retain full tort rights if injured while an occupant of a motor vehicle other than a private passenger motor vehicle.

75 Pa.C.S.A. § 1705(d)(3).

¶ 7 Section 1705(d)(3) sets forth one of the exceptions pursuant to which persons who elect limited tort coverage retain full tort rights. Appellants argue that they retain full tort rights pursuant to § 1705(d)(3).

¶ 8 The pertinent facts are not in dispute. Appellee, Joseph Mucci, was at fault in the accident. At the time of the accident, Appellant Michael Bennett was in a vehicle Bennett represented he used solely for the operation of his business. Also, Appellants elected limited tort coverage for the vehicle.[2]

¶ 9 Appellants argue that, in accordance with the plain language of § 1705(d)(3), they retain full tort rights in the instant matter. Appellants cite the following rule of statutory interpretation: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

¶ 10 The record reflects that Appellants procured from their insurer a private passenger vehicle liability insurance policy on the vehicle in question. For purposes of this litigation, therefore, the record supports a conclusion that the vehicle in which Michael Bennett was injured is a private passenger vehicle, even though Appellants purportedly used the vehicle for business/commercial purposes. One who elects limited tort coverage for a vehicle under a private passenger motor vehicle liability insurance policy can not later claim that the same vehicle is not a private passenger motor vehicle for purposes of § 1705.

---

2. *See* § 1705, which deals with election of tort options.

**§ 1705. Election of tort options**
 (a) Financial responsibility requirements.-
 (1) Each insurer, not less than 45 days prior to the first renewal of a **private passenger motor vehicle liability insurance policy** ... shall notify in writing each named insured of the availability of two alternatives of full tort insurance and limited tort insurance described in subsections (c) and (d).
75 Pa.C.S.A. § 1705(a)(1) (emphasis added).

¶ 11 Appellants cite various cases in which the courts acknowledge the General Assembly's preference for full tort rights. *See, e.g., L.S. v. Eschbach,* 583 Pa. 47, 874 A.2d 1150, 1156–1157 (2005) ("[W]here the tort alternative is in dispute, the General Assembly has show a legislative preference for the full tort option over the limited tort option."). In *L.S.,* our Supreme Court considered whether an 11–year–old girl, hit by a car after exiting a school bus, was bound by her mother's limited tort coverage. The Supreme Court determined that the girl, as an innocent pedestrian, was not bound by her mother's limited tort election pursuant to § 1705. *Id.* at 1156. The Supreme Court noted that § 1705 is not written to apply to injured pedestrians, and a contrary result would do little to fulfill the legislature's goal of promoting financial responsibility. *Id.* at 1157. The facts of *L.S.,* therefore, bear no resemblance to those of the instant matter.

¶ 12 The result we reach in the instant matter is not in tension with our General Assembly's preference for full tort rights. Where, as here, the insured is the victim of an accident in the very vehicle for which he procured limited tort coverage, the outcome under § 1705 is not in doubt. The insured is bound by his or her election. Indeed, were we to allow Appellants' position to prevail, we would undercut the General Assembly's goal of promoting financial responsibility.

¶ 13 For the foregoing reasons, we conclude that the trial court did not err in determining that Appellants were bound by their election of limited tort coverage. In light of our conclusion, both of Appellants' arguments fail. Accordingly, we affirm the judgment.

¶ 14 Judgment affirmed.