Tyrese GIBSON, Headquarter Entertainment,
Respondents.

No. 198 EM 2012.

Supreme Court of Pennsylvania.

Jan. 30, 2013.

*ORDER*

PER CURIAM.

AND NOW, this 30th day of January, 2013, the Petition for Leave to File Petition for Allowance of Appeal is **DENIED.**

Sally McWEENEY, Appellee

v.

ESTATE OF Janet R. STRICKLER,
Appellant.

Superior Court of Pennsylvania.

Argued Aug. 21, 2013.
Filed Jan. 30, 2013.

---

1. This Court has long recognized the potential for abuse arising from the nature of the Rule 1100/Rule 600 remedy. *See Commonwealth v. Szuchon,* 506 Pa. 228, 484 A.2d 1365, 1372 (1984), *abrogated on other grounds by Commonwealth v. Lucarelli,* 601 Pa. 185, 971 A.2d 1173 (2009) (addressing cognizability of claims of counsel ineffectiveness in Rule 1100 context).

Steven D. Stambaugh, York, for appellant.

Erick V. Violago, York, for appellee.

BEFORE: STEVENS, P.J., BENDER, J., and GANTMAN, J.

OPINION BY STEVENS, P.J.

This is an appeal from the order entered by the Court of Common Pleas of York County granting Appellee/Defendant's motion for summary judgment and dismissing Appellant's personal injury claim. The

question before us asks whether the court erroneously deemed Appellant either a "named insured" or, in the alternative, an "insured" under her fiancé's automotive insurance policy, as those terms are defined in the Motor Vehicle Financial Responsibility Law, such that she was bound by his election of the limited tort alternative therein. We vacate and remand.

The trial court has provided an apt summary of facts and procedural history as follows:

> This action arose out of a motor vehicle collision that occurred on January 9, 2008. Plaintiff [hereinafter Appellant], Sally McWeeney, was traveling eastbound on Market Street, York, Pennsylvania, when Defendant, Janet Strickler,[1] traveling westbound on Market Street, made a left turn in front of Appellant. A collision between the parties' vehicles then followed.
>
> When the collision occurred, Appellant was [permissively] operating a vehicle owned by Richard D. Brandt, her fiance' at the time. Progressive Insurance Company insured Mr. Brandt's vehicle under the limited tort option ("Progressive policy") and listed Mr. Brandt as the "Named Insured" on the policy declarations page. *See* Defendant/Appellee's Motion for Summary Judgment, Exhibit B. Both Appellant and Mr. Brandt are listed as principal drivers on the policy declarations page. Additionally, Appellant was a permissive driver of the vehicle on the date of the collision. As a result of the collision, Appellant aver[ed] she sustained personal injuries resulting in serious impairment of bodily function, "which include, but are not limited to, the following: a) physical pain

and suffering resulting from injuries to her left shoulder, arm, and back; b) mental anguish; c) discomfort; d) inconvenience; e) distress; f) loss of life's pleasures; g) embarrassment and humiliation; h) an impairment of health and sense of well-being; and i) disfigurement." *See* Complaint at 12.

> Appellant also aver[ed] she "has suffered, is suffering, and in the future will continue to suffer financial injuries which include, but are not limited to, the following: a) past, present, and future medical expenses which have or may in the future exceed applicable legal limits; b) incidental costs resulting from dealing with said injuries; and c) loss of earnings and earning capacity." *See id.* at 13. Defendant/Appellee denie[d] that Appellant suffered any serious injury or financial loss as a result of the collision.
>
> On August 8, 2011, Defendant/Appellee filed a Motion for Summary Judgment and Brief in Support. Defendant/Appellee argue[d] that Appellant was insured under the limited tort option elected by Mr. Brandt in his Progressive policy and, as such, cannot recover for pain and suffering because she did not sustain a serious injury. Additionally, Defendant/Appellee argue[d] that Appellant suffered no financial injuries. Therefore, Defendant/Appellee argue[d], there is no genuine issue of material fact precluding summary judgment.
>
> On August 26, 2011, Appellant filed an Answer to Defendant's Motion for Summary Judgment and a Cross Motion for Partial Summary Judgment. Appellant filed a Brief in Opposition to Defendant's/Appellee's Motion for Summary Judgment and a Brief in Support of

---

1. Ms. Strickler passed away at some time prior to the filing of the present action, making her estate the Defendant/Appellee in the case *sub judice.* Nevertheless, we shall use the lower court's nomenclature in referring to Ms. Strickler as the Defendant/Appellant in the recitation of facts.

Plaintiff's [Appellant's] Cross Motion for Summary Judgment on September 6, 2011. In these four submissions, Plaintiff/Appellant argue[d] that she is not bound by the limited tort option in the Progressive policy because she is not a "named insured" or "insured" within the definition provided by the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1705. Therefore, Appellant argue[d], the full tort option applies to her.

On September 12, 2011, Defendant/Appellee filed a Reply Brief to Plaintiff's [Appellant's] Brief in Opposition to Defendant's Motion for Summary Judgment. On September 15, 2011, Defendant/Appellee filed an Answer to Appellant's Cross Motion for Summary Judgment and a Brief in Opposition to Plaintiff's Cross Motion for Summary Judgment. In all three submissions, Defendant/Appellee argue[d] that Appellant was a "named insured" and/or an "insured" within the meaning of § 1705, and, therefore, the limited tort option applie[d] to her.

On October 11, 2011, Defendant/Appellee filed a Praecipe to List for One–Judge Disposition. On November 3, 2011, th[e] matter was assigned to the Honorable John W. Thompson, Jr. for One–Judge Disposition.

Opinion of the Lower Court, dated December 15, 2011 at 1–3.

By its order of December 15, 2011, the lower court granted Defendant/Appellee's motion for summary judgment, finding no issue of material fact regarding Appellant's status as an insured driver under Mr. Brandt's limited tort policy with Progressive, when read against the MVFRL. Specifically, the court reasoned:

The MVFRL states in relevant part, "Where there are two or more named insureds on a policy, any named insured may make the full or limited tort election provided for in this section for all named insureds on the policy." 75 Pa. C.S. § 1705(a)(2). The MVFRL goes on to define "named insured" for purposes of § 1705 as "[a]ny individual identified by name as an insured in a policy of private passenger motor vehicle insurance." 75 Pa.C.S. § 1705(f).

We therefore look to the language of the Progressive policy to determine Appellant's status as a named insured. Appellant is listed on the Progressive policy declarations page as a principal driver, and Appellant has also admitted that she was a permissive driver on the date of the collision. The Progressive policy provides section-specific definitions for "insured person" in three separate sections. However, while the classes of persons defined as "insured" varies by section, one class of persons consistently defined in every applicable section as "insured persons" are those operating the covered vehicle with the owner's permission. *See* Defendant's Motion for Summary Judgment, Exhibit C.

Further, it seems only common sense to the Court that an individual specifically named as a principal driver would also be a permissive driver. Therefore, because Appellant, a permissive driver, is an "insured person" under the Progressive policy definition, and she is also specifically named as a principal driver on the declarations page, Appellant falls under the § 1705(f) definition of a "named insured."

As a named insured, then, Appellant is held to the same tort option selected by another named insured on the policy. 75 Pa.C.S. § 1705(a)(2). In this case, Mr. Brandt—specifically designated on the declarations page as "Named In-

sured"—elected the limited tort option binding himself *and [Appellant]*.

Therefore, according to the MVFRL § 1705(d), Appellant is precluded from recovering noneconomic damages unless she sustained serious injury as a result of the collision. [The lower court then went on to find Appellant did not sustain serious injury for purposes of Section 1705(d).]

Opinion of the Lower Court at 5–6. Judgment was subsequently entered and Appellant timely appealed.

Appellant raises the following issues for our review:

I.   WHETHER APPELLANT IS A "NAMED INSURED" UNDER 75 PA.C.S. § 1705 AND THEREFORE BOUND TO THE LIMITED TORT ELECTION OF A NON–SPOUSE/NON–RELATIVE CO–RESIDENT?

II.  WHETHER APPELLANT IS AN "INSURED" UNDER 75 Pa.C.S. § 1705 AND THEREFORE BOUND TO THE LIMITED TORT ELECTION OF A NON–SPOUSE/NON–RELATIVE CO–RESIDENT?

III. WHETHER THE TERMS AND DEFINITIONS OF A MOTOR VEHICLE INSURANCE POLICY TAKE PRECEDENT OVER THE 75 PA.C.S.A. § 1705 STATUTORY MANDATES AND SAFEGUARDS PREREQUISITE TO SOMEONE BEING BOUND TO THE RESTRICTED RIGHTS OF LIMITED TORT STATUS?

Brief of Appellant at 4.

When reviewing a trial court's decision to grant a motion for summary judgment, we adhere to the following standard and scope of review:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Shipp v. Phoenix Ins. Co.*, 51 A.3d 219, 221 (Pa.Super.2012) (citations omitted).

■ We first examine the court's determination that Appellant was a "named insured" under Mr. Brandt's policy as that term is defined in the MVFRL. As this issue is one of statutory construction, we note "[t]he Statutory Construction Act provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). The General Assembly's intent is best expressed through the plain language of a statute. *Commonwealth v. Fithian*, 599 Pa. 180, 961 A.2d 66, 74 (2008).

As we have repeatedly stated, "when statutes have a bearing on the outcome of a case, we begin by analyzing the express words of the statutes. When the statute is clear, we need go no further to discern the intent of the legislature." *Kmonk–Sullivan v. State Farm Mutual Automobile Insurance Co.*, 567 Pa. 514, 788 A.2d 955, 959 (2001) (internal citations omitted).

*Hoffman v. Troncelliti*, 576 Pa. 504, 511–512, 839 A.2d 1013, 1017 (2003).

In the definitions subsection of Section 1705,[2] which relates to election of tort options, a "named insured" is "any individual identified by name as an insured in a policy of private passenger motor vehicle insurance." Section 1705(f). Appellant's designation by name as a "principal driver" on the declarations page was enough to convince the lower court that she was a "named insured" as that term is defined in Section 1705(f) of the MVFRL. It is "common sense," the lower court reasoned, that a named principal driver who by the terms of the policy is an insured driver obtains the designation of a "named insured" pursuant to Section 1705(f) and, consequently, becomes subject to Brandt's election of limited tort pursuant to Section 1705(a)(2). We disagree.

A plain reading of the definition of "named insured" in Section 1705(f) yields that only one identified by name as an insured on the policy is, in fact, a "named insured." Nowhere in Mr. Brandt's policy is Appellant identified by name as an insured. Her name appears just once in the policy, in a section of the policy declarations page in which Mr. Brandt was required to list all regular drivers of his insured vehicles, residents of his household aged 16 years and older, and all children who live away from home who occasionally drive his cars. He listed himself and Appellant, and he labeled each a "principal driver."

Though not binding upon this Court, a decision of the Pennsylvania Commonwealth Court in a related context informs on this issue of whether one named as a driver on an insurance policy assumes the designation of a "named insured." In *Erie Insurance Co. v. Insurance Dept.*, 705 A.2d 937 (Pa.Cmwlth.1997), the Commonwealth Court affirmed the decision of the Pennsylvania Insurance Commissioner, who found that an automobile insurer vio-

---

2. Section 1705. Election of tort options, provides in pertinent part.

**(b) Application of tort options.—**
(1) The tort option elected by a named insured shall apply to all private passenger motor vehicle policies of the named insured issued by the same insurer and shall continue in force as to all subsequent renewal policies, replacement policies and any other private passenger motor vehicle policies under which the individual is a named insured until the insurer, or its authorized representative, receives a properly executed form electing the other tort option.
(2) The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy. In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise.

(3) An individual who is not an owner of a currently registered private passenger motor vehicle and who is not a named insured or insured under any private passenger motor vehicle policy shall not be precluded from maintaining an action for noneconomic loss or economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law.
* * *

**(f) Definitions.**—As used in this section, the following words and phrases when used in this section shall have the meanings given to them in this subsection unless the context clearly indicates otherwise:
*"Insured."* Any individual residing in the household of the named insured who is:
(1) a spouse or other relative of the named insured; or
(2) a minor in the custody of either the named insured or relative of the named insured.
*"Named insured."* Any individual identified by name as an insured in a policy of private passenger motor vehicle insurance.
75 Pa.C.S.A. § 1705

lated Act 78, amended as 40 P.S. §§ 1008.1–.11, by cancelling a policy due to license suspensions of the named insured's spouse. The spouse had not been listed on the declarations page as a "named insured," but the policy contained language defining the term as including a spouse residing in the same household. The Insurance Commissioner determined that in enacting Act 78, "[t]he General Assembly did not intend ... the term 'named insured' to include those other persons who are listed as additional insureds in an endorsement or merely listed as additional drivers of the insured vehicle." *Id.* at 939. The Commonwealth Court agreed, and relied on what it described as

> [a]n extensive body of secondary authority, including insurance law treatises, indicat[ing] that the phrase "named insured" is used as a technical term in the insurance industry referring only to individuals designated as "named insureds" on the face of or in the declarations section of the policy. *See, e.g., Black's Law Dictionary* at 1023 (6th ed. 1990) ("Named insured. In insurance, the person *specifically designated* in the policy as the one protected and, commonly, it is the person with whom the contract of insurance has been made." (emphasis added)); Barry D. Smith et al., *Property & Liability Insurance Principles* 216 (2d ed. 1994) ("The declarations page of a policy has a space labeled 'named insured(s).' Only parties whose names appear in that space (or on an attached endorsement listing 'additional named insureds' are, in fact, 'named insureds.' Often, the spouse of a named insured receives the same coverage as a named insured, even if the spouse is not named (and is not, therefore, a *named* insured))." (emphasis in

original)); John Alan & Jean Applebaum, *Insurance Law & Practice* 51 (1979) ("Whenever the term 'named insured' is employed, it refers only to the person specifically designated upon the face of the contract."); *see also* 7 Am Jur. Automobile Insurance § 236 (1980); *Words & Phrases,* "Named Insured" (1955 & Supp.1997).

*Id.* at 940.

■ We discern no persuasive reason to depart from such authority to adopt a different interpretation of the term "named insured" as it is used in Section 1705. Pursuant to the plain language of the statute, only one who is identified by name as an insured on the face of the policy is a "named insured" for purposes of tort election. As Appellant was not identified by name as an insured, but only as another driver of Mr. Brandt's covered vehicles, we conclude that she was not a "named insured" as that term is defined under the governing statute.

■ We turn, then, to the remaining issue of whether Appellant's status as a permissive driver under the policy qualified her as an "insured" driver under Section 1705 such that she was bound by Mr Brandt's election of limited tort. A review of controlling authority leads to the conclusion that her status under the terms of the policy did not preclude her from claiming full tort damages against a third party tortfeasor. Limited to the "election of tort options" context, we hold that where a policy's enlargement of the term "insured" binds more drivers to a limited tort recovery than would be so bound under the MVFRL's definition, the policy contravenes the legislative intent of Section 1705.[3]

---

**3.** In this regard, we do not address the circumstance where the named insured has

elected full tort. It appears, however, that no public policy concern would have arisen had

Mr. Brandt's policy states that all permissive drivers are insured under its terms for both liability to others and first party benefits. Because Appellant was a permissive driver both in fact and under the policy, which lists her as a principal driver on the policy declaration page, it follows that she was insured for such purposes.

■ Within the same policy, Mr. Brandt elected the limited tort alternative, which in accordance with the MVFRL precludes him and all "insureds" from recovering non-economic damages absent a showing of serious injury. The question becomes, therefore, whether the policy may properly define an "insured" more broadly than does the MVFRL for purposes of binding permissive drivers to the owner's election of limited tort. Where, as here, the insurance policy would bar more drivers from claiming non-economic damages against third party tortfeasors than was contemplated in Section 1705, it runs afoul of the statute and is not enforceable.

As indicated above, Section 1705(f) defines the term "insured" as it is used throughout Section 1705 as any individual residing in the household of the named insured who is (1) a spouse or other relative of the named insured or (2) a minor in the custody of either the named insured or relative of the named insured. 75 Pa.C.S. § 1705(f).[4] Because Appellant met neither part of this definition, we find she did not qualify as an insured under Mr. Brandt's policy's "election of tort options" section, which comes under Section 1705's ambit.

■ Moreover, the record demonstrated that Appellant did not own a motor vehicle. Given her status, therefore, as an uninsured motorist who owned no vehicle, Appellant's eligibility for third party, non-economic damages would be governed by Section 1705(b)(3), which provides that non-owner, uninsured motorists may seek both economic *and non-economic* damages against a third party tortfeasor:

(a) **Application of tort options.**—(3) An individual who is not an owner of a currently registered private passenger motor vehicle and who is not a named insured or insured under any private passenger motor vehicle policy shall not be precluded from maintaining an action for noneconomic loss or economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law.

75 Pa.C.S.A. § 1705(b)(3).[5]

■■ From this statutory scheme, we infer the clear legislative intent to allow a

Mr. Brandt elected full tort coverage. Appellant, as an uninsured motorist who did not own a vehicle, would have been entitled to pursue non-economic damages either under Section 1705(b)(3), see *infra*, of the MVFRL or under Mr. Brandt's policy as an insured permitted driver. Stated another way, a full tort election under Mr. Brandt's policy would have averted the problem of unilaterally binding a non-relative, uninsured permissive driver to a limited tort recovery where the MVFRL would have also permitted a full tort recovery.

4. In defining who qualifies as an "insured" for purposes of the election of tort statute, the

legislature was perfectly capable of including all permissive drivers of the named insured's covered car within the definition; it did not do so. Instead, the class of "insureds" under this provision includes only a spouse or other relative residing in the household and minors in the custody of either the named insured or his or her relatives. Appellant did not fall within this class.

5. Again, consistent with the Section 1705(f)'s definition of an "insured," the phrase "insured under any private passenger motor vehicle policy" as it is used in Section 1705(b)(3) must be limited in scope to include only a spouse, family members sharing a

motorist, who owns no vehicle and is unrelated to the owner of the car she drives, to seek non-economic damages against a third-party tortfeasor, even if she was a permissive driver otherwise insured for first party benefits and liability to others under the terms of the owner's limited tort policy. Therefore, to the extent that Mr. Brandt's policy would preclude permissive drivers from filing full tort claims against third party tortfeasors when they otherwise have the express right to do so under the MVFRL, the policy is unenforceable.

Indeed, the Pennsylvania Supreme Court so held under quite similar facts in *Prudential Property and Cas. Ins. Co. v. Colbert*, 572 Pa. 82, 813 A.2d 747 (2002). In *Colbert*, the policy's restrictive definition of "insured" worked to provide coverage to fewer drivers than intended by the MVFRL and its definition of an "insured." Guided by the general rule that stipulations in a contract of insurance in conflict with, or repugnant to, statutory provisions must yield to the statute and are invalid,[6] the Court concluded: "As a result, the policy's more restrictive definition of an 'insured' is in conflict with the MVFRL. Nothing in the MVFRL permits Prudential or any other insurer to diminish the MVFRL's definition of an 'insured' and thereby provide coverage to a lesser scope than the MVFRL requires." *Colbert* at 88–89, 813 A.2d at 751. *See also Miller v. Allstate Ins. Co.*, 763 A.2d 401 (Pa.Super.2000) (holding that, where policy terms conflict with MVFRL, court cannot give effect to contractual provision, even if those terms are clear and unambiguous).

It is likewise so in the case *sub judice* that the Progressive policy would provide access to full-tort coverage to a lesser scope of persons than the MVFRL re-

quires. As we cannot give such effect to the policy's definition of an insured, we must reverse the lower court and hold that the policy may not be used to bar Appellant from seeking non economic damages against a third party tortfeasor, as is her right under Section 1705(b)(3).

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

---

household with the named insured, and children in their custody.

6. *Citing* George J. Couch, Couch on Insurance 2d (Rev. ed.) § 13.7 at 827 (1984).