FILED
United States Court of Appeals
Tenth Circuit

June 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

AMERICAN NATIONAL PROPERTY
& CASUALTY,

Plaintiff - Appellant,

v.

CHRIS CHECKETTS; SANDRA
CHECKETTS,

Defendants - Appellees.

No. 12-4108
(D.C. No. 11-CV-00250-BSJ)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY, GORSUCH,** and **BACHARACH,** Circuit Judges.

Plaintiff-Appellant American National Property and Casualty Company

(ANPAC) appeals the district court's partial grant of summary judgment in favor

of Defendants-Appellees Chris and Sandra Checketts (the Checketts). Am. Nat'l

Prop. & Cas. Co. v. Checketts, Civil No. 2:11-CV-250 BSJ, 2012 WL 1835866

(D. Utah May 21, 2012). The district court determined that the addition of the

Checketts' teenage daughter to an insurance policy issued by ANPAC created a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

"new policy" under Utah's Underinsured Motorist (UIM) statute. The issue on appeal is whether the district court failed to properly consider Utah's revised UIM statute, Utah Code Ann. § 31A-22-305.3 (2012), which became effective while the parties' cross-motions for summary judgment were pending. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand with instructions for the district court to reconsider its decision in light of Utah's revised statute.

Background

The relevant facts are not in dispute. In 1996, the Checketts purchased car insurance from ANPAC. Aplt. App. 43. As part of their policy, they rejected all UIM coverage, checking the box "I do NOT desire to purchase [UIM coverage]." Id. at 44. Each policy renewal notice they subsequently received indicated that "[t]his policy does not provide underinsured motorist coverage." Id. at 47–72. In 2006, the Checketts added their teenage daughter, Alisha, to the policy as a vehicle operator. Id. at 73.

On June 18, 2007, Sandra Checketts and her son, Jacob, were involved in a car accident with another driver. Id. at 74. The Checketts exhausted the driver's insurance policy limits and sought $200,000 in UIM benefits from ANPAC, despite having rejected UIM coverage. Id. at 151–52. The Checketts argued that they were entitled to coverage because ANPAC had failed to comply with certain notice requirements under Utah Code Ann. § 31A-22-305(9)(g) (2000). Id. at

- 2 -

144. ANPAC denied the claim, and on March 16, 2011, sought a declaratory judgment that the Checketts' rejection of UIM coverage was enforceable. Id. at 78.

Shortly thereafter, the Utah Supreme Court decided Iverson v. State Farm Mut. Ins. Co, 256 P.3d 222, 224 (Utah 2011), which held that application of consumer notification requirements in the UIM statute depended on whether the policy in question was a "new policy." The Utah Supreme Court concluded that a "new policy" may be found where "material changes to an existing policy [] alter the risk relationship between the insurer and the insured." Id. at 226. Following Iverson, the parties submitted cross-motions for summary judgment. Aplt. App. 21, 79. The Checketts argued that Iverson controlled, and that the addition of Alisha "meaningfully altered" their risk relationship with ANPAC and created a "new policy." Id. at 33–34. The court heard argument on the motions on November 9, 2011, and took the matter under advisement. Am. Nat'l Prop. & Cas. Co., 2012 WL 1835866, at *1.

Meanwhile, the Utah Legislature, in response to Iverson, amended the UIM statute with an effective date of May 8, 2012. The revised statute defined "new policy" as

> (i) any policy that is issued which does not include a renewal or reinstatement of an existing policy; or
>
> (ii) a change to an existing policy that results in:

(A) a named insured being added to or deleted from the policy; or

(B) a change in the limits of the named insured's motor vehicle liability coverage.

Utah Code Ann. § 31A-22-305.3(3)(b) (2012).  The legislature made the revised statute retroactive, stating "[s]ubsection (3)(b) applies retroactively to any claim arising on or after January 1, 2001 for which, as of May 1, 2012, an insured has not made a written demand for arbitration or filed a complaint in a court of competent jurisdiction."  Id. § 31A-22-305.3(3)(e)(i).

On May 21, 2012, the district court issued its opinion, granting in part and denying in part both parties' motions for summary judgment.  Am. Nat'l Prop. & Cas. Co., 2012 WL 1835866, at *10.  The court accepted the Checketts' reliance on Iverson, and held that the addition of Alisha "meaningfully altered" the risk relationship to create a "new policy."  Id.  In footnote 23, the court addressed the revised Utah statute, ultimately concluding that the statute led to the same result as Iverson because the addition of Alisha was, as set forth in the statute, "*a named insured being added* to . . . the policy."  Id. at *10 n.23.  ANPAC timely appealed.  Aplt. App. 284–85.

Discussion

We review a grant of summary judgment de novo, applying the same standards as the district court.  Taylor v. Roswell Indep. Sch. Dist., 713 F.3d 25,

- 4 -

34 (10th Cir. 2013).

Relying on <u>Iverson</u>, the district court held that the Checketts' addition of Alisha to their insurance policy created a "new policy." <u>Am. Nat'l Prop. & Cas. Co.</u>, 2012 WL 1835866, at *10. The court added that the revised statute was in accord with <u>Iverson</u> because the addition of Alisha constituted "*a named insured being added* to . . . the policy." <u>Id.</u> at 10 n.23. Both parties agree that this conclusion is incorrect. <u>See</u> Aplt. Br. 20; Aplee. Br. 19. It is well-established that adding a new driver to a policy is different than adding a "named insured." <u>See, e.g.</u>, <u>McWeeney v. Estate of Strickler</u>, 61 A.3d 1023, 1029 (Pa. Super. Ct. 2013) (individual identified as a "driver" was not "named insured" under policy); 7A Lee R. Russ & Thomas F. Segalla, <u>Couch on Insurance</u> § 110:1 (3d ed. 2012) (noting the distinction between "insured" and "named insured"); <u>see also</u> <u>Curtis v. State Farm Mut. Auto. Ins. Co</u>, 591 F.2d 572, 578 (10th Cir. 1979) ("'[N]amed insureds' . . . carries special meaning in such policies affecting the rights and obligations of the parties."). Thus, the Checketts' decision to add Alisha as a driver did not add a "named insured" to their policy.

The parties, however, ask us to go one step further and decide whether the revised statute precludes the Checketts from obtaining UIM benefits for their accident. We hesitate to do so absent the district court's consideration of the parties' arguments. We thus leave it to the district court to consider this question

upon remand.  See Estate of B.I.C. v. Gillen, 710 F.3d 1168, 1175 (10th Cir. 2013).

REVERSED and REMANDED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge