J-S08006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLEN LEE BEDDINGFIELD, JR. | : | |
| | : | |
| Appellant | : | No. 548 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003901-2018

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 28, 2020**

Appellant, Allen Lee Beddingfield, Jr., appeals from the judgment of sentence entered on March 14, 2019, following his bench trial convictions for one count each of strangulation and harassment and two counts of simple assault.[1] We affirm.

The trial court summarized the facts of this case as follows:

[Appellant and the victim resided together in an apartment in the municipality of Sharpsburg in Allegheny County, Pennsylvania. On February 3, 2018, the victim] was awoken at 2:00 a.m. by Appellant after he found information on her cell[ular tele]phone regarding her efforts to leave the Commonwealth and locate a women's shelter [in Florida]. Further, the victim testified [] that Appellant was angry, choked her several times, once causing her to lose consciousness, and hit her with an open hand. His assaultive behavior recurred throughout the night and ended when she bit him, broke free and ran to a gas station, where she

_____

[1] 18 Pa.C.S.A. §§ 2718, 2709, and 2702, respectively.

called 911. Before that, the victim testified that Appellant would not let her leave her room. Both the victim and Appellant agree that from 2:00 a.m. until 10:00 a.m., Appellant was awake and using his [cellular tele]phone in the living room which was between the victim's bedroom and the exit stairs. The Commonwealth also introduced into evidence the victim's hospital records. Those records indicate[d] that the victim had marks on her neck, bilateral abrasions consistent with a "choke hold," bruising on her chin and hand, and redness and scratches across her chest. The victim was diagnosed with asphyxiation due to mechanical threat to breathing. The Commonwealth introduced photographic evidence of injuries to the victim in this case, showing redness on her neck and chest, scratch marks and a bruise above her eye. The victim testified that Appellant caused the injuries seen in the photographs and noted in the medical records. While Appellant admitted to one incident of choking the victim, he testified that he did so when the victim attempted to grab his cell[ular tele]phone from his hand. He testified that he had a strong grip on the [cellular tele]phone but that she bit his index finger and middle finger [of the hand gripping the cellular telephone]. As a result, according to his testimony, he used his other hand to hit her back and choke her in order to free his fingers from her mouth.

Trial Court Opinion, 6/17/2019, at 6-7.

Following a bench trial on December 17, 2018, the trial court found Appellant guilty of the aforementioned crimes. On March 14, 2019, the trial court sentenced Appellant to an aggregate term of one year less one day to two years of incarceration, with a consecutive term of two years of probation.

Relevant to the instant appeal, on April 11, 2019, Appellant filed a motion to enforce his original sentence, asserting that the trial court unilaterally reduced the amount of credit for time served toward Appellant's March 14, 2019 sentence. More specifically, Appellant claims that, "[a]t the sentencing hearing, the [t]rial [c]ourt repeatedly emphasized that [Appellant] was being given full credit for the time he served since his arrest on February

3, 2018, which time exceeded his minimum period of incarceration." Appellant's Brief at 26. In its sentencing order, however, the trial court attributed only 25 days of credit for time served to Appellant on his March 14, 2019 sentence. In its subsequent opinion, the trial court explained:

> Appellant's arrest for this case triggered a [probation] detainer on [a different] case with Judge Anthony Mariani[, another trial court judge in Allegheny County]. [The trial court], at the sentencing hearing on March 14, 2019, indicated its intention to take all of his time served and leave none for the detainer lodged by [Judge] Mariani. It appears from the record that [Judge] Mariani took most of the time for the probation detainer, leaving only 25 days [of credit for time served] for the matter *sub judice*. [The trial court] attributed the remaining 25 days to this case and did not attribute days taken by [Judge] Mariani, as time [served] can only be attributed to one [criminal] matter.

Trial Court Opinion, 6/17/2019, at 5-6. The trial court, however, did not rule on Appellant's motion to enforce his original sentence before Appellant filed a notice of appeal on April 15, 2019. On April 23, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 13, 2019. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 17, 2019.

On appeal, Appellant presents the following issues for our review:

1. Did the [trial] court err by failing to dismiss the charges against [Appellant] in violation of his [rights under Pa.R.Crim.P. 600] since [Appellant] had been continually incarcerated for 230 days prior to his initial trial date?

2. Did the [trial] court err by failing to allow [Appellant] to introduce evidence of protection from abuse actions initiated

- 3 -

by the alleged victim against her [former] boyfriends prior to the alleged incident and after this alleged incident, all of which could or would have established a course of conduct by the alleged victim that explained her motives and her intent at the time of the alleged incident?

3. Did the [trial] court err by unilaterally changing [Appellant's] sentence when the [trial] court stated [with emphasis] on the record that [Appellant would be] given credit for all time served and then in the sentencing order, changed the sentence and gave [Appellant] credit for [only] 25 days?

4. Did the [trial] court err by entering a verdict that was against the weight of the evidence?

Appellant's Brief at 9 (complete capitalization and suggested answers omitted).

In his first issue presented, Appellant claims that the trial court failed to dismiss the charges against him in violation of Pa.R.Crim.P. 600. The trial court, however, did not address the merits of the claim, because Appellant failed to raise this issue in a written motion to dismiss under Rule 600. ***See*** Trial Court Opinion, 6/17/2019, at 4 ("No [Rule 600] motion was filed and [the trial court] cannot be blamed for failing to address an issue that was not before it."). An incarcerated defendant held beyond the time limits proscribed by Rule 600

may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D)(2); *see also Commonwealth v. Brock*, 61 A.3d 1025 (Pa. 2013) ("We hold that Rule 600 requires a defendant to file a written motion to dismiss."); *see also Commonwealth v. Brown*, 875 A.2d 1128, 1134 (Pa. Super. 2005) ("[T]o obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the charges."). Upon review of the certified record, Appellant did not file a written motion to dismiss prior to trial. He raised his Rule 600 issue for the first time in his concise statement of errors complained of on appeal. Such a claim, though, must be presented to the trial court while it exercises jurisdiction over the matter since the trial court must conduct a hearing to "assess whether there is excludable time and/or excusable delay." *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super. 2004). Moreover, "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." *Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000); Pa.R.A.P. 302(a). In view of Appellant's failure to trigger a Rule 600 inquiry by filing a motion before the trial court, we are constrained to conclude that Appellant waived appellate review of his speedy trial claim.

In the alternative even if we were to conclude that Appellant's Rule 600 claim was not subject to waiver, we would nevertheless conclude that he is not entitled to relief. Our Supreme Court has determined:

> Our standard of review of a Rule 600 determination is whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias

or ill-will discretion is abused. Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party.

*Commonwealth v. Selenski*, 994 A.2d 1083, 1087–1088 (Pa. 2010) (internal citations, quotations, and ellipsis omitted). Based upon Appellant's failure to follow the proper procedure for presenting a Rule 600 claim, together with the absence of a fully developed record relating to the pertinent questions of law, we discern no basis upon which to conclude that the trial court abused its discretion in relation to Appellant's failure to obtain Rule 600 relief.

Next, we turn to Appellant's remaining contentions. Based upon review of the certified record, the parties' appellate briefs, the trial court's opinion, and applicable law, we find that the trial court thoroughly and accurately addressed Appellant's last three appellate issues in its opinion. Consequently, we affirm on the basis of the trial court opinion and adopt it as our own.[2] The

_____

[2] We note that Appellant baldly relies upon two case citations in support of his last three appellate issues. We could find these issues waived. *See Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014) ("[T]o the extent [an] appellant's claims fail to contain developed argument or citation to supporting authorities and the record, they are waived[.]"). Moreover, we further recognize that Appellant impermissibly raised his weight of the evidence claim for the first time in his Rule 1925(b) statement and despite the trial court's discussion of that claim in its subsequent Rule 1925(a) opinion, Appellant waived the issue. *See* Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge … orally, on the record at any time before sentencing; [] by written motion at any time before sentencing; or [] in a post-sentence motion."); *see also Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009) ("The fact that [Sherwood] included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed

parties are instructed to attach a copy of the trial court's June 17, 2019 opinion to all future filings regarding this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/28/2020

---

[Sherwood's] weight claim in its Pa.R.A.P. 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion."). However, because the trial court conducted a comprehensive legal analysis of the merits of each of Appellant's remaining claims presented, we will rely upon the trial court's opinion.